UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MIGUEL ISAIAS YANEZ-IBANEZ,

Petitioner,

v. No. 1:26-CV-345-H

TODD BLANCHE, et al.,

Respondents.

**ORDER**

Miguel Isaias Yanez-Ibanez entered the United States illegally 29 years ago. Dkt. No. 1 at 6. At an unspecified time in recent months, he was detained by ICE. *Id.* Yanez-Ibanez acknowledges that he is a citizen of Mexico who "entered the United States . . . without inspection." *Id.* Before the Court is his habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, the APA, the Suspension Clause, and the Due Process Clause of the Fifth Amendment. *Id.* at 13–20.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ . . . unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court has carefully considered the factual allegations and legal contentions raised in the petition, the respondents' answer, and Yanez-Ibanez's reply. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Yanez-Ibanez's petition, and it has determined that:

- Where the Court exercises its authority to review a petition, the Suspension Clause is not implicated. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026).

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760

Yanez-Ibanez's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Yanez-Ibanez is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 181 F.4th 608, 609 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

So ordered on September 9, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE